IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN BARNER,

    Petitioner,

v.                                                  CASE NO. 1:17-cv-58-MW-GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## REPORT & RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2011 conviction in Alachua County for multiple counts of robbery with a firearm and armed burglary of a dwelling. (ECF No. 1.) Respondent filed a Motion to Dismiss Petition for Writ of Habeas Corpus on November 9, 2017. (ECF No. 42.) Petitioner filed a response, ECF No. 53, and the motion is otherwise ripe for review.

### I.  State-Court Proceedings

The State charged Petitioner by information filed in May 2011 with three counts of robbery with a firearm and one count of armed burglary of a dwelling. (ECF No. 42-1 at 80–81.) Following a jury trial, the jury found

Petitioner guilty as charged on November 9, 2011. (*Id.* at 133–37.) Petitioner filed a motion for a new trial on February 28, 2008, which was denied. (*Id.* at 76–80, 89, 116–25.) Petitioner was sentenced on December 16, 2011, to 40 years in prison for Counts 1 and 3 and 15 years in prison for Count IV, with the sentences for Counts 3 and 4 to run concurrent to the sentence in Count 1. (*Id.* at 151–56.) He was also sentenced to 10 years in prison for Count 2 to run consecutive to the sentences for Counts 1, 3, and 4. (*Id.*)

Petitioner then filed a notice of appeal on December 23, 2011, but on July 3, 2012, before filing his initial brief, Petitioner filed a motion to correct an illegal sentence under Rule 3.800(b)(2). (ECF No. 42-7 at 120–24.) The court granted the motion on July 10, 2012. (*Id.* at 126.)  As a result, the sentence was amended so that the sentences in Counts 1, 3, and 4 were to run consecutively to the sentence imposed for Count 2. (*Id.*)

Petitioner's counsel then filed an *Anders* brief in the District Court of Appeal for the First District of Florida ("First DCA") on August 3, 2012. (*Id.* at 176–89.) On August 7, 2012, the First DCA informed Petitioner that he had 30 days to file an initial brief. (*Id.* at 191.) Petitioner did not file a brief, and on November 9, 2012, the First DCA *per curiam* affirmed without

written opinion. (ECF No. 42-8 at 2.) The mandate followed on December 5, 2012. (*Id.* at 4.)

Petitioner then filed a Rule 3.800(a) motion to correct illegal sentence on February 21, 2013. (*Id.* at 9–21.) The Court denied this motion on August 13, 2015. (*Id.* at 24–25.) Petitioner did not appeal that denial.

Petitioner then filed a Motion for Due Process Cost of Copies and Transcription in the trial court on November 2, 2015, which the court denied on November 10, 2015. (ECF No. 42-9 at 35–37, 71–74.) Petitioner appealed this decision to the First DCA, filing his brief on February 18, 2016. (*Id.* at 75–76, 80–88.) The First DCA *per curiam* affirmed without opinion on June 20, 2016, and the mandate followed on September 16, 2016. (ECF No. 42-10 at 9, 11.) Petitioner then attempted to invoke the discretionary jurisdiction of the Florida Supreme Court, but the Florida Supreme Court dismissed on September 15, 2016, for lack of jurisdiction. (*Id.* at 13–14, 16.)

Petitioner also filed a hand-written Rule 3.800(a) motion to correct illegal sentence on September 6, 2016. (ECF No. 42-8 at 53–61.) The court denied this second motion to correct illegal sentence on September 15, 2016, noting that a Rule 3.800(a) motion was not the proper way to

raise his claim. (ECF No. 42-9 at 2–4.) The court further found that if they considered his claim under Rule 3.850, it was procedurally barred as untimely. (*Id.*) Lastly, the court noted that even if it were timely filed, the claim is without merit. (*Id.*)

Petitioner also filed a Motion for Due Process Cost of Private Investigator on December 23, 2016, which the court denied on January 3, 2017. (*Id.* at 45–102; ECF No. 42-12 at 43, 45–46.) He filed a motion for a rehearing, which was denied on January 26, 2017. (ECF No. 42-12 at 63.) Petitioner appealed to the First DCA, which *per curiam* affirmed without opinion on March 21, 2017. (ECF No. 42-15 at 82.) The Florida Supreme Court then dismissed his case on April 26, 2017. (ECF No. 42-16 at 5.)

Petitioner then provided his federal habeas petition to prison officials for mailing on March 6, 2017. (ECF No. 1.)

## II.  One-Year Limitation Period

Petitions filed after April 24, 1996, are governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA created a limitations period for petitions for writ of habeas corpus brought

pursuant to § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the AEDPA tolls the one-year limitation period for the time during which a properly filed application for State postconviction or other collateral review is pending, and may be equitably tolled in appropriate "extraordinary circumstances." § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

### III. Discussion

**A. The petition is untimely.**

As an initial matter, because Petitioner filed his petition after April 24,

1996, the AEDPA governs his petition. The petition is, therefore, subject to the AEDPA's one-year limitation period.

To determine whether a petition was timely filed within one year after the conviction became final, the court must determine (1) when the prisoner filed the federal collateral petition, and (2) when the prisoner's judgment of conviction became final. *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

With respect to the first *Adams* prong, under the mailbox rule a *pro se* prisoner's collateral petition is filed on the date it is delivered to prison authorities for mailing. *Adams*, 173 F.3d at 1341. Accordingly, because Petitioner provided his petition to prison officials for mailing on March 6, 2017, he is deemed to have officially filed his petition on March 6, 2017. (ECF No. 1.)

As to the second *Adams* prong, Petitioner's judgment of conviction became final on February 7, 2013. A judgment of conviction becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted. *Atkins v. United States,* 204 F.3d 1086, 1089 n.1 (11th Cir. 2006). A petitioner, however, has a 90-day period in which to file a

certiorari petition with the Supreme Court of the United States before a judgment of conviction is deemed to have become final. *Nix v. Sec'y for the Dep't of Corrections*, 393 F.3d 1235, 1237 (11th Cir. 2004); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).

In this case, Petitioner appealed his conviction, and the First DCA *per curiam* affirmed the conviction without written opinion on November 9, 2012. (ECF No. 42-8 at 2.) Petitioner therefore received the benefit of the 90-day period to file a certiorari petition because, in light of the *per curiam* affirmance, the state appellate court was the highest court in which he could seek review. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) ("[T]he entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review . . . .") Accordingly, Petitioner's judgment of conviction became final on February 7, 2013. The one-year statute of limitations therefore began on February 8, 2013.

After Petitioner's conviction became final, his one-year period to file a federal habeas petition ran un-tolled for 13 days until February 21, 2013, when he filed his first *pro se* motion to correct illegal sentence in the state

court. (ECF No. 42-8 at 9–21.) The state court denied this motion on August 13, 2015, and Petitioner did not appeal that denial. (*Id.* at 24–25.) Therefore, Petitioner's one-year limitations period was tolled until September 14, 2015, the date his time to seek review of the court's denial of his motion to correct illegal sentence. *See Cramer v. Sec'y Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir. 2006).

After September 14, 2015, Petitioner's activity in state court involved filing a Motion for Due Process Cost of Copies and Transcription on November 2, 2015, which the court denied on November 10, 2015. (ECF No. 42-9 at 35–37, 71–74.) Petitioner's Motion for Due Process Cost of Copies and Transcription, however, was a request for copies and transcripts, not a collateral attack on his conviction or sentence. Therefore, it was not an "application for State post-conviction or other collateral review with respect to the pertinent judgment," so it did not toll the limitations period. *See* 28 U.S.C. § 2244(d)(2).

Petitioner's one-year period, therefore, continued to run un-tolled until it expired 352 days after September 14, 2015, on August 31, 2016. Petitioner, however, did not file his petition until March 6, 2017. Therefore, because the one-year limitations period had expired prior to the date he

filed his petition, the petition is untimely and should be dismissed. *See* 28 U.S.C. § 2244(d)(1).

Once the statute of limitations period expired on August 31, 2016, nothing else Petitioner did in state court would have acted to toll the statute of limitations period further even if it was a properly filed application for post-conviction or collateral review.[1] *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under §2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, since Petitioner did not file his petition until March 6, 2017, roughly six months after the statute of limitations had expired, Petitioner's federal habeas petition is untimely.

**B. Petitioner is not entitled to equitable tolling.**

In his petition, Petitioner does not attempt to argue the timeliness of

---

[1] Notably, the only two things Petitioner filed in state court after this date included a hand-written Rule 3.800(a) motion, which the court denied because a Rule 3.800(a) motion was not the proper way to raise his claim, and a Motion for Due Process Cost of Private Investigator. (ECF No. 42-8 at 53–61; ECF No. 42-9 at 2–4, 45–102; ECF No. 42-12 at 43, 45–46.) Neither of these would have tolled the limitations period because they did not constitute properly filed applications for post-conviction or other collateral review.

his petition. Instead, he says the following:

> Petitioner- an intellectually disabled, is locked away in Respondents custody suffering daily the horrifying atrocities of prison life, assures the Court that there is no one who exceeds in diligence for personal replevin than he; and that as a result of fraudulent concealment, the facts contained herein could by no other means been uncovered earlier despite his diligence; in fact recent light has shone on the State's continued concealment of evidence necessary to substantiate the claims set forth in this application; evidence of such weight to show that if not for Constitutional Error John Barner would not have been convicted.

(ECF No. 1 at 11.)

Petitioner's claims in his petition, however, involve the allegation that he was improperly "shackled" during his trial and that he was unfit to proceed with trial or sentencing. Thus, in addition to the fact that Petitioner failed to elaborate on what "evidence" was fraudulently concealed from him, it is unclear what evidence he would have needed to raise such claims in a timely manner that he did not have.

A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). "[T]he circumstances of a case must be 'extraordinary' before equitable tolling

can be applied . . . ." *Id.* at 652. "The petitioner bears the burden of showing that equitable tolling is warranted," *Paulcin v. McDonough*, 259 F. App'x 211, 212 (11th Cir. 2007), and the petitioner must show "*both* extraordinary circumstances and due diligence." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004.) Notably, "equitable tolling is an extraordinary remedy [that] is limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotation marks omitted).

In this case, Petitioner has failed to demonstrate the requisite extraordinary circumstances and due diligence to warrant equitable tolling of his AEDPA statute of limitations. The allegation in his petition that the State fraudulently concealed unidentified evidence necessary to assert his claims in a timely manner is hardly sufficient, particularly in light of the grounds Petitioner raised in his petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling." (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1292–93 (11th Cir. 2002)).[2]

---

[2] In his response to Respondent's motion to dismiss, Petitioner asserts the following: "Ordinarily Petitioner would argue in response to State's allegations that his claims are untimely and his failure to exhaust State remedies, but knows the Court to

Because Petitioner is not entitled to equitable tolling, the Petition is untimely and should be dismissed.

## C. Petitioner has failed to show actual innocence.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Further, "[f]or purposes of the miscarriage-of-justice exception, 'actual innocence' means factual innocence, not mere legal insufficiency." *Jackson v. McLaughlin*, No. 17-11474-B, 2017 WL 4844624, at *1 (11th Cir. July 12, 2017) (citing *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011)).

---

be very intelligent and well aware of the superprecedent [sic] set by the United States Supreme Court in the case *Slack v. McDaniel*." (ECF No. 53 at 2.) However, the petitioner has the burden of proving equitable tolling, which this statement fails to do. *See San Martin*, 633 F.3d at 1268.

Here, Petitioner has failed to make any kind of showing that he is actually innocent of his underlying conviction based on new evidence that was not available at the time of trial. Petitioner merely makes a conclusory allegations that the state fraudulently concealed evidence and that the use of visible "shackles" during trial resulted in a violation of his constitutional rights. He does not make any argument as to what evidence was concealed or that any such evidence would show that he was actually innocent of the underlying crime. Accordingly, Petitioner is not entitled to the miscarriage-of-justice exception to the one-year limitations period.

**D. Petitioner's claims are unexhausted and procedurally defaulted.**

Even if Petitioner had timely filed his petition, Petitioner's claims are procedurally defaulted because he failed to exhaust them in state court prior to filing his petition.

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan*, 526 U.S. at 842 ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). To exhaust state court remedies, the

petitioner must fairly present the federal claims to the state court in order to give the State the opportunity to pass upon and correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Failure to exhaust state remedies may result in the claim being procedurally defaulted. *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983).

A review of the record discloses that Petitioner never presented any of his claims in state court. As a result, Petitioner's claims are unexhausted and now procedurally defaulted. Petitioner does not contest this in his petition or in his response to Respondent's motion to dismiss. Instead, Petitioner argues in his petition that Respondent's conduct hindered or prevented the discovery of his claims until he filed his petition. He also says that the State has not provided either a lawyer or adequate service in the prison law library for people with disabilities. Petitioner also conclusionally argues that his appellate counsel and the appellate court were incompetent for not addressing the constitutional error. (ECF No. 1.)

Procedurally defaulted claims like Petitioner's can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice for the default. *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008)*.* "'[C]ause' under the cause and prejudice test

must be something external to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). To show prejudice, the petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

Second, the petitioner may show that enforcing the procedural default would result in a fundamental miscarriage of justice. *Mize*, 532 F.3d at 1190. To show a fundamental miscarriage of justice, the petitioner must show that in light of new evidence, no reasonable juror would have convicted him. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner has failed to demonstrate that he is entitled to any of the exceptions to the exhaustion requirement. "A petitioner is not entitled to a hearing on the threshold issues of cause and prejudice or manifest injustice without first proffering *specific facts* which support a finding that one of these exceptions to the procedural default rule exists." *Hill v. Jones*, 81 F.3d 1015, 1023 (11th Cir. 1996) (emphasis added). Petitioner has presented no such specific facts.

With regard to cause and prejudice, nothing suggests that Petitioner

failed to assert his claims in state proceedings because of some external factor. *See Coleman*, 501 U.S. at 753 ("cause" must be something external to the petition that cannot fairly be attributed to him). Instead, Petitioner merely makes the conclusory allegation that Respondent in some way hindered him and that the State fraudulently concealed evidence. But he offers no support for these allegations.

Further, to the extent that Petitioner alleges he was unable to exhaust based on incompetent or ineffective lawyers, attorney error that constitutes ineffective assistance of counsel violative of the Sixth Amendment can render "cause." *Murray v. Carrier*, 477 U.S. 478, 487 (1986). But, ineffective assistance of counsel claim must generally be presented to the state courts as an independent claim before it can be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (citing *Murray*, 477 U.S. at 489). And in this case Petitioner has failed to present such a claim in state court.

Because Petitioner cannot show cause for his default, the Court need not proceed to the issue of prejudice. *See Ward v. Hall*, 592 F.3d 1144 (11th Cir. 2010) ("It is well established that if the petitioner fails to show cause, we need not proceed to the issue of prejudice.").

Petitioner also failed to set forth any new evidence to support an

argument that no reasonable juror would have convicted him in light of such new evidence. He therefore cannot demonstrate a fundamental miscarriage of justice to excuse his procedural default. *See Mize*, 532 F.3d at 1190.

Accordingly, Petitioner's claims are procedurally defaulted and could not now entitle him to federal habeas relief even if he had timely filed his petition.

## **Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Case 1:17-cv-00058-MW-GRJ   Document 59   Filed 04/02/18   Page 18 of 18

Page 18 of 18

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus, ECF No. 42, should be **GRANTED**, and the petition for writ of habeas corpus, ECF No. 1, should be **DISMISSED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 2nd day of April 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

*Case No: 1:17-cv-58-MW-GRJ*